Yang v. Barr

BIA
Straus, IJ
A205 435 091

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

MINYING YANG,
> *Petitioner,*

v.                                             17-1823
                                               **NAC**

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          David J. Rodkin, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Douglas E.
                         Ginsburg, Assistant Director; John
                         M. McAdams, Jr., Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Minying Yang, a native and citizen of the People's Republic of China, seeks review of a May 10, 2017, decision of the BIA affirming a December 7, 2015, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Minying Yang,* No. A 205 435 091 (B.I.A. May 10, 2017), *aff'g* No. A 205 435 091 (Immig. Ct. Hartford Dec. 7, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's determination that Yang's testimony conflicted with the country conditions evidence. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, the dispositive issue is whether the findings that the BIA relied on provide substantial evidence for the adverse credibility determination. *Id.; see also* 8 U.S.C.

§ 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In making a credibility determination, the agency must "[c]onsider[] the totality of the circumstances" and may base a finding on the applicant's "demeanor, candor, or responsiveness, . . . the inherent plausibility of the applicant's . . . account," inconsistencies in the applicant's statements or between her statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to [the agency's] credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. We conclude that the adverse credibility determination is supported by substantial evidence.

Inconsistencies

Discrepancies among Yang's testimony and her documentary evidence called into question her credibility. For example, Yang testified that after she had the abortion, she returned to work the following Monday. The medical certificate,

3

however, indicates that she had the abortion on Friday, December 25, 2009, and was excused from work through Friday, January 9. And the medical certificate does not indicate that the abortion was forced or involuntary. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (upholding adverse credibility determination based, in part, on fact that country conditions evidence reflected that abortion certificates were provided only to obtain leave from work following voluntary abortions).

Other inconsistencies bolster the adverse credibility determination. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 77 (2d Cir. 2018) (reiterating that "cumulative effect" of even minor or ancillary inconsistencies can "be deemed consequential" (quoting *Xiu Xia Lin*, 534 F.3d at 167)). Although Yang testified that it was easy for her to get pregnant, in her declaration she averred that she did not want to terminate her pregnancy because "it was not easy for [her] to get pregnant." When asked to explain this inconsistency, Yang denied writing the statement, but later explained that the statement referred to the government's harsh treatment of her during her pregnancy. The IJ was not required to accept these conflicting explanations and neither

4

explanation resolved the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Implausible Testimony

The IJ also reasonably relied on the implausibility of aspects of Yang's testimony related to her pregnancy. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Yang testified that she reported to family planning officials semiannually for an IUD check, that her IUD was in place on October 3, 2009, her last examination before her second pregnancy, and that her next menstrual cycle ended on October 8. Yang's December 2009 abortion certificate places her conception date at approximately October 8. Yang testified that she confirmed her pregnancy at a private clinic in November 2009, and that her ultrasound revealed that the IUD had dislodged, but Yang had no medical records to corroborate those facts. Given the brief timeframe between confirmation of the IUD and Yang's pregnancy, and the lack of medical documentation of a dislodged IUD, the IJ's skepticism of the plausibility of

5

Yang's account was reasonable. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("[T]he absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Vague Testimony

Finally, the adverse credibility determination is strengthened by the IJ's finding that Yang's testimony about her employment history was vague. *Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008) (explaining that vague testimony can support an adverse credibility determination when the IJ "attempts to solicit more detail from the alien"). Yang's application reflected that she was fired from an "important position" as an accountant sometime after 2000, but found a new accounting job in 2008. She testified that she was fired from that new job because of her unauthorized pregnancy. When the IJ asked Yang if she found another job, she questioned whether he was referring to an "official" or "true" job; when the IJ said "any job," Yang responded, but without elaboration, that she was hired for "short-term purpose" then "discontinue[d]" after one or two months. When the IJ then further inquired whether Yang had worked for a particular

6

company, Yang replied that she had, but still offered no significant detail about her alleged sporadic employment over the two years between her firing and her arrival in the United States. *See Shunfu Li*, 529 F.3d at 147.

Taken together, the inconsistencies and implausible testimony, all of which relate to her IUD, pregnancy, abortion, and employment from the time of the abortion until she came to the United States, provide substantial evidence for the adverse credibility determination. *See Hong Fei Gao*, 891 F.3d at 77 (noting that agency may rely on "cumulative effect" of minor discrepancies); *Xiu Xia Lin*, 534 F.3d at 165 (treating agency's adverse credibility determinations as "'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (quoting 8 U.S.C. § 1252(b)(4)(B))). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

7

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court